# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHARONICA SIMMONS, *Plaintiff*, v. TRINITY HOPE ASSOCIATES, LLC, *Defendant.* | CIVIL ACTION NO. 5:18-cv-00177-TES |

## ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT

Presently before the Court is Plaintiff Sharonica Simmons' Motion for Default Judgment [Doc. 6] on her claims against Defendant Trinity Hope Associates, LLC. The Court **GRANTS** this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In her Complaint [Doc. 1], Plaintiff claims that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by reporting an uncollected debt to credit reporting agencies without designating that the debt was disputed. *See* 15 U.S.C. § 1692e(8) (prohibiting debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"). Plaintiff seeks statutory damages in the amount of $1,000.00; actual damages in the amount of $15,000.00; and attorney's fees and expenses. [Doc. 6-1, pp. 4–5]. Plaintiff effected service

on Defendant and, after Defendant failed to make an appearance in the case, sought and received an entry of default from the Clerk of Court on February 20, 2019.

## DISCUSSION

### A. Standard of Review

At a party's request and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is committed to the discretion of the Court. *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). However, default judgment does not follow automatically from an entry of default. The Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). As to requests for damages, the Court may conduct evidentiary hearings, although "no such hearing is required where all essential evidence is already of record." *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### B. Plaintiff's Allegations

Plaintiff alleges in her Complaint that she owed a debt to FastTrack Immediate Care in the amount of $126.00. [Doc. 1, ¶ 6]. In January 2018, Plaintiff discovered that Defendant reported the debt to Equifax for inclusion on her credit report. [*Id.* at ¶ 7]. In

response she mailed a letter to Defendant disputing the debt in February 2018. [*Id.* at ¶ 8]. Two months later, as she was attempting to obtain a loan, Plaintiff reviewed her credit report and saw that Defendant failed to designate the debt as disputed, despite having received Plaintiff's formal dispute. [*Id.* at ¶¶ 9, 10].

These allegations are sufficient to state a claim for violation of the FDCPA, which specifically prohibits debt collectors from reporting disputed debts to credit reporting agencies without designating that the debts are disputed. *See* 15 U.S.C. § 1692e(8). Thus, the Court turns to whether Plaintiff is entitled to damages.

### C. <u>Damages</u>

The FDCPA provides allows for plaintiffs to receive actual damages plus "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). Given the clear violation Defendant is alleged to have committed, the Court finds that an award of the statutory maximum of $1,000.00 to be appropriate. *See* 15 U.S.C. § 1692k(b)(1).

The Court also held a hearing to determine actual damages. *See* Fed. R. Civ. P. 55(b)(2). Due to Plaintiff's absence at the hearing and in lieu of other testimony as to actual damages, Plaintiff's counsel orally withdrew Plaintiff's request for $15,000.00 in actual damages, leaving only the request for statutory damages. Accordingly, the Court **GRANTS** Plaintiff's Motion for Default Judgment. Defendant is **ORDERED** to pay

3

Plaintiff $1,000.00. Plaintiff may file a motion for attorney's fees with the requisite documentation within 14 days of the date of this Order. *See* LR 54.1, MDGa.

**SO ORDERED**, this 18th day of April, 2019.

<u>**S/ Tilman E. Self, III**</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**